of the Court, by
Judge Owsley.
This
is an appeal from a judgment rendered against Trimble in an action of ejectment brought by him in the court of original jurisdiction. He claims the land by purchase at a sale made under writs ai f enfadas by the deputy of Moses Fuqua, former sheriff of Greenup county; but upon the trial attempted to manifest his ti-lie by producing a deed of conveyance from Jacob Kouns, sheriff and successor in office of Fuqua : ana whether that deed passed the title to Trimble, is the only question deemed necessary to be noticed by this COlJit.
Whore land is sold under writs (Jfieri facias, the execution is certainly not complete until the conveyance is made; and hence, according to the settled doctrine of the common law, the officer who by gelling commences the execution, should, although bis term of office may have elapsed, perfect th.e execution by conveying the ti-tie.
Pursuing this principle, Fuqua, the sheriff in office at the time of sale, either by himself or deputy, ought,1 upon Trimble’s complying with the requisitions of the law, to have made a conveyance ; and no deed from any other person could invest him with the title.
The legislature of this country, aware, however, of mischiefs which might and probably would occur by a strict application of this principle, have, by an act of *480 1808, (4 Litt. 83) authorised in certain cases the success sors in office to convey; but as that act, whilst it gives the authority, at the same time restricts its exercise to cases where the purchaser produces the receipt or certificate of the former sheriff of the actual ■purchase and payment of the full amount of the purchase mone^. A deed executed by the successor, without such a receipt or certificate, will not pass the title.
The deed from Kouns to Trimble, therefore, as it appears to have been made without such a receipt or certificate, cannot authorise him to maintain this action: and the judgment of the court below rendered against him is consequently correct and must be affirmed with costs.