Opinion of the Court, by
Judge Mills.
THIS is an action of ejectment, brought by a purchaser under execution, relying on the sheriff’s conveyance, against the defendant in the execution. A. Craddock was sheriff of the county, when the sale was made by his deputy, Paschal D. Craddock; but the deed was made by the next succeeding sheriff, and recites that the purchase money was secured by a three months’ bond, returned to the office, and that the late sheriff, with his deputy, was out of office. The said late sheriff was, however, produced and used as a witness on the trial. It did not appear, by any recital in the deed, that a certificate or receipt for the payment of the money was produced to the succeeding sheriff who made the conveyance, or any survey of the land. On the contrary, it clearly appeared that only part of *252 the money was paid, and the rest still due. The counsel for the defendant moved the court to reject the deed, and exclude it from the jury, as passing no title; but the court overruled the motion, and suffered the deed to go in evidence, as one passing title.
Where the subsequent sheriff conveys under the act of Feb. 1809, the receipt or certificate of the former sheriff, of actual purchase and payment must be produced.
It is doubtful whether that act embraces sales made after its passage.
It is a settled principle of the common law, recognized by sundry decisions of this court, that the sheriff who made the sale ought to make the conveyance; and, that for this purpose, he is still in office, although his successor may have entered on the duties of the same office. The party has, however, in this instance, chosen to trust the succeeding sheriff to make the conveyance, although the former was accessible. The only authority authorising a subsequent sheriff to convey, is the act of assembly approved February 11, 1809, (4 Litt. 23,) now in the recollection of this court. It is a matter of doubt, whether that act embraces sales made after its passage, and it requires considerable aid from construction, to say that it does. But it is not necessary now to determine that question; for if it be admitted that subsequent sales are included, on the authority of the case of Trimble vs. Breckinridge, &c. 4 Bibb 479, the deed ought to have been excluded. It is decided in that case, that the receipt or certificate of the former sheriff, of actual purchase and payment, must be produced to the succeeding sheriff; and that a deed executed without such receipt and certificate, passes no title. The deed, without this requisite, was, therefore, improperly confided to the jury.
There were sundry other questions made in the progress of the trial; but as they arose out of the admission of this deed, they will not probably again occur.
The judgment must be reversed with costs, and the cause be remanded, for a new trial to be had in conformity with this opinion.